```
                    UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF MISSISSIPPI
                          NORTHERN DIVISION

MARTA SALVDOR                                              PLAINTIFFS
AS NEXT OF KIN TO MINOR D.C.,
AND MINOR, D.C.

VS.                           CIVIL ACTION NO. 3:23-cv-3100-TSL-RPM

MISSISSIPPI SCHOOL
FOR THE DEAF AND BLIND                                      DEFENDANT
```

## MEMORANDUM OPINION AND ORDER

This cause is before the court on the separate motions of defendant Mississippi School for the Deaf and Blind for partial judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure and for partial summary judgment pursuant to Rule 56 on plaintiffs' claim brought under the Individuals with Disabilities in Education Act. Plaintiff Marta Salvdor, as Next of Kin of minor D.C., and minor D.C., have responded to defendant's Rule 12(c) motion; they have not responded to the motion for partial summary judgment. Having considered the memoranda of authorities submitted by the parties, the court concludes that the motion for judgment on the pleadings should be granted in part and denied in part, as set forth herein, and the motion for partial summary judgment should be granted.

THE COMPLAINT

In this action, plaintiffs Marta Salvdor, mother of the minor plaintiff D.C., and D.C. raise a number of claims relating to alleged sexual assaults of D.C. while he was a residential student at the Mississippi School for the Deaf.  One or both plaintiffs assert federal claims against MSDB under the Individuals with Disabilities Act (IDEA), Section 504 of the Rehabilitation Act, and the Americans with Disabilities Act, and under 42 U.S.C. § 1983 for violation of D.C.'s Fourteenth Amendment substantive due process rights; and they assert state law claims of negligence, gross negligence, intentional infliction of emotional distress and premises liability. According to the complaint, D.C., when he was fifteen years old, first revealed the fact that he had been sexually assaulted to his mother while he was in the hospital following an October 14, 2022 suicide episode triggered by a sexual assault on campus; he reported that he had been sexually assaulted on that date by another student, and that he had been sexually assaulted by the same student and another student on prior occasions over the preceding five years.  Broadly speaking, plaintiffs complain, *inter alia*, that MSDB failed in its duty to protect D.C. from these assaults, including by failing to supervise, secure, control and maintain the school premises, and that after the assaults were reported, it failed to perform due diligence in

investigating D.C.'s allegations of abuse and failed to appropriately act on his allegations, including by providing proper reasonable accommodations to allow D.C. to participate in a safe educational and residential environment.

MOTION FOR JUDGMENT ON THE PLEADINGS

By its Rule 12(c) motion, defendant seeks dismissal of the following claims:  Plaintiffs' § 1983 claim for violation of D.C.'s Fourteenth Amendment rights; Marta Salvdor's ADA and Rehabilitation Act claims; Plaintiffs' claims for punitive damages and attorney's fees for claims arising under the Mississippi Tort Claims Act; Marta Salvdor's claims for emotional distress for her tort-based claims; and plaintiffs' claims for emotional distress damages for their Rehabilitation Act claims.  In response to the motion, plaintiffs state that Marta Salvdor is not asserting her own claim under the ADA or Rehabilitation Act and that they are not seeking punitive damages or attorney's fees under the MTCA; and they acknowledge that they may not recover emotional distress damages under the Rehabilitation Act.  Accordingly, the motion will be granted as to those claims/issues.  That leaves for consideration of dismissal plaintiffs' § 1983 claim and Marta Salvdor's state law claim for emotional distress damages.

3

Section 1983

MSDB argues that it is immune from liability with respect to plaintiffs' § 1983 claim for any alleged Fourteenth Amendment violation, and further, that it is not a "person" subject to liability under § 1983, so that this claim must be dismissed. The Eleventh Amendment bars "an individual from suing a state in federal court unless the State consents to suit or Congress has clearly and validly abrogated the state's sovereign immunity." Perez v. Region 20 Educ. Serv. Ctr., 307 F.3d 318, 326 (5th Cir. 2002) (citations omitted). This immunity "extends to any state agency or entity deemed an alter ego or arm of the state." Id. (quotation omitted). Plaintiffs allege and acknowledge that MSDB is an arm of the state. See Walton v. Alexander, 44 F.3d 1297, 1299 (5th Cir. 1995) (recognizing Mississippi School for the Deaf as a state entity). As such, it is entitled to Eleventh Amendment immunity absent waiver or abrogation.

While Eleventh Amendment immunity is not absolute, "[t]he Supreme Court has recognized 'only two circumstances in which an individual may sue a State. First, Congress may authorize such a suit in the exercise of its power to enforce the Fourteenth Amendment.... Second, a State may waive its sovereign immunity by consenting to suit.'" Le Clair v. Texas Bd. Criminal Justice, 475 Fed. Appx. 943, 944, 2012 WL 3176313, 1 (5th Cir. 2012) (quoting College Sav. Bank v. Florida Prepaid

4

Postsecondary Educ. Expense Bd., 527 U.S. 666, 670, 119 S. Ct. 2219, 144 L. Ed. 2d 605 (1999)).

Notably, plaintiffs' complaint was filed in state court and removed by defendant based on this court's jurisdiction over their federal claims. See 28 U.S.C. § 1331 (federal question jurisdiction). By removing the case, defendant waived its immunity *from suit* but did not waive its separate immunity *from liability*. Delaney v. Mississippi Dept. of Public Safety, Civ. Action No. 3:12CV229TSL-MTP, 2013 WL 286365, at *4 (S.D. Miss. Jan. 14, 2013) (citing Meyers ex rel. Benzing v. Texas, 410 F.3d 236, 248 (5th Cir. 2005) (explaining that the Constitution protects "a state's right to relinquish its immunity from suit while retaining its immunity from liability")).

A state's immunity from liability "is an issue that must be decided according to that state's law." Meyers, 410 F.3d at 255. "The State of Mississippi has not waived its sovereign immunity from liability in suits arising under § 1983 .... On the contrary, the Mississippi Tort Claims Act (MTCA), the State's only explicit waiver of sovereign immunity, expressly preserves the State's Eleventh Amendment immunity." Delaney, 2013 WL 286365, at *3 (citing Miss. Code Ann. § 11-46-3(1) (providing that "the 'state' and its 'political subdivisions,' ... are not now, have never been and shall not be liable, and are, always have been and shall continue to be immune from suit

5

at law or in equity")); see also Miss. Code Ann. § 11-46-5(4) ("Nothing contained in this chapter shall be construed to waive the immunity of the state from suit in federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States."). Plaintiffs' argument to the contrary is unfounded.

Further, under § 1983, a plaintiff may bring a cause of action for civil rights violations only against "persons," and as MSDB correctly argues, a state, state agency and state officials acting in their official capacity are not "persons" for purposes of § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 64, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989) ("[A] State is not a person within the meaning of § 1983."); Lumpkins v. Office of Comm. Dev., 621 Fed. Appx. 264, 268 (5th Cir. 2015) ("State agencies and state officials acting in their official capacities are not 'persons' within the meaning of the statute.").

In their response to the motion, plaintiffs, while not explicitly conceding that MSDB is not a "person" subject to suit under § 1983, state that they want to amend their complaint to add as defendants the actual person or persons responsible for the alleged Fourteenth Amendment violations but that at the present time, it is unclear to them exactly who those persons are. They ask that they be given time to glean this information through the discovery process and that in the interim, the court

rule that "MSDB may remain as the 'person' identified until such time as the evidence reveals the specific MSDB culprits." Alternatively, they ask that they be allowed to amend at this time to add as defendants, in their individual and official capacities, the current and former superintendents and principals of MSDB, because "even if these individuals were not the ones who took the actions or inactions to violate the plaintiffs' Fourteenth Amendment rights, as MSB leadership, they were the individuals ultimately responsible under the legal premise that 'the buck stops here' and they are irrefutably persons under the law." Plaintiffs go on to suggest that since MSDB would be the "real party in interest" for any claim against these individuals for any actions taken in their official or individual capacities, then regardless of whether MSDB is a "person" under § 1983, it is the party in interest and as such "is properly sued on behalf of persons who did violate Section 1983 while acting in their official capacities." Plaintiffs' request to amend will be denied as it is procedurally improper and substantively unfounded.

The proper avenue for seeking to amend is not by asking to amend in the response to a motion but rather by filing a separate motion to amend, accompanied by the proposed amended pleading. See L.U.Civ.R. 7(b)(3)(C) ("A response to a motion may not include a countermotion in the same document.");

7

Williams v. BFI Waste Servs., LLC, No. 3:16-cv-75-DPJ-FKB, 2017 WL 1498230, at *2 (S.D. Miss. Apr. 24, 2017) (stating that "a motion cannot be asserted in the body of a response"); see also L.U.Civ.R. 15 ("If leave of court is required under Fed.R.Civ.P. 15, a proposed amended pleading must be filed as an exhibit to a motion for leave to file an amended pleading....").

Even if the request to amend were properly before the court, it would be denied on substantive grounds.  The claim against current and former school officials in their official capacities would be barred for the same reason the claims against MSDB are barred.  See Nelson v. Univ. of Texas at Dallas, 535 F.3d 318, 320 (5th Cir. 2008) (suit against state official is treated as one against the State which, absent exception, is barred by Eleventh Amendment immunity); Will, 491 U.S. at 71 (state officials in their official capacities are not "persons" subject to suit under § 1983).  Moreover, the school officials are not subject to suit in their individual capacities absent personal involvement, which plaintiffs do not claim they plan to allege.  Rather, their sole theory, as described in their response/motion, is that because of their positions of authority, these school officials are ultimately responsible for the harm to D.C., "even if they were not the ones who took the actions or inactions."  Such allegations would not support a cause of action.  See Connick v. Thompson, 563 U.S. 51, 60

8

(2011) (vicarious liability does not apply to § 1983 claims); Carnaby v. City of Houston, 636 F.3d 183, 189 (5th Cir. 2011) (under § 1983, "a government official can be held liable only for his own misconduct.").[1]

### Salvdor's Claim for Emotional Distress Damages

Salvdor's list of the damages she seeks to recover based on her various state law claims includes "[p]ast, present and future pain and suffering," "[e]motional and mental anguish," and "[c]hildren's emotional and mental shock and discomfort." MSDB seeks dismissal of her claim for these damages because under clear Mississippi law, a parent does not have a cause of action for damages for sexual assaults to a child where the parent was not present when the assault occurred and only learned of the assault after the fact. See Miss. State Fed'n. of Colored Women's Club Housing for Elderly in Clinton, Inc. v. L.R., 62 So. 3d 351 359 (Miss. 2010); Summers ex. Rel. Dawson v. St. Andrew's Episcopal Sch., 759 So. 2d 1203, 1210 (Miss. 2000). In response, plaintiffs assert that Salvor's claim of emotional distress is not based on the sexual assaults of D.C.; rather it is based on "how MSDB treated her child in relation to his complaints of sexual abuse and assault," which treatment she

---

[1]   Also, the court would add that it is not appropriate to hold MSDB in the lawsuit as a kind of "placeholder" while plaintiffs seek to uncover through discovery the identity of persons they believe to be actually responsible for their harm.

9

personally witnessed; and also how she was treated, including being ignored and ridiculed in IEP meetings and threatened with truancy and law enforcement visits if she did not return D.C. to school after his suicide attempt.

As MSDB requests in its motion dismissal of Salvdor's claim for damages for emotional distress she experienced directly related to the sexual assaults of D.C. and has not addressed in its motion or in its reply any claim by Salvdor for emotional distress relating to the way she personally witnessed her child being treated by school officials or the way in which she was herself treated by school officials, the court will deny the motion on this claim, without prejudice.[2]

MOTION FOR PARTIAL SUMMARY JUDGMENT ON IDEA CLAIMS

MSDB has moved for summary judgment as to plaintiffs' IDEA claim on the primary basis of plaintiffs' failure to exhaust. See J.W. v. Paley, 81 F.4th 440, 447 (5th Cir. 2023) (citing 20 U.S.C. § 1415(i)(2)(A)) ("Only after exhausting [the review] process can a parent seek judicial review by filing a civil action in state or federal court."). Plaintiffs did not respond

---

[2] The court expresses no opinion as to the viability of a claim for emotional distress damages on this factual basis. It merely declines to consider the issue as defendant, after being apprised of plaintiffs' explanation of the basis of the claim and thus having the opportunity to do so, failed in its reply to identify a basis for dismissal of the claim, as articulated in the response.

to this motion and the time for responding has expired. Defendant's argument with respect to the exhaustion requirement and plaintiffs' failure to exhaust appear meritorious and therefore, the motion for summary judgment on plaintiffs' IDEA claim will be granted.

CONCLUSION

Based on the foregoing, it is ordered that defendant's motion for partial judgment on the pleadings is granted in part and denied in part, as set forth here, and it is further ordered that defendant's motion for partial summary judgment as to plaintiffs' IDEA claim is granted.

SO ORDERED this 20th day of June, 2024.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE